# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **DEWAYNE SKELLEY,** | ) |
|     **Plaintiff,** | ) |
| v. | ) Case No. 3:18-cv-00430 |
| | ) Judge Trauger |
| **DR. JAMES BRIDGES, et al.,** | ) |
|     **Defendants.** | ) |

## MEMORANDUM AND ORDER

The plaintiff, Dewayne Skelley, is an inmate in the custody of the Metro-Davidson County Detention Facility in Nashville, Tennessee. He has filed a pro se complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2). The case is before the court for a ruling on the IFP application and for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I.     Application to Proceed IFP**

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Because it is apparent from the plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), the plaintiff is nonetheless assessed the $350.00 civil filing fee. The warden of the facility in which the plaintiff is currently housed, as custodian of the plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at

the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the Metro-Davidson County Detention Facility to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II.     Initial Review of the Complaint

### A.     PLRA Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, § 1915A provides that the court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in § 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it

would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the court must view the complaint in the light most favorable to the plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

**B.    Section 1983 Standard**

The plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, the plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused

by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

C. **Allegations and Claims of the Complaint**

The plaintiff alleges that he has been suffering from chronic kidney stones since approximately January of 2017, when he first brought the issue to the attention of Dr. Bridges. (Doc. No. 1 at 5.) He alleges that he has "been having issues concerning the treatment of his kidney stones for over a year," and has had nine CAT scans[1] in that time. (*Id.*) He states that the CAT scans confirmed the presence of multiple stones in both kidneys, and that he has been passing the stones, retrieving them, and taking them to medical for testing. (*Id.*) The plaintiff has suffered severe pain during this process, discomfort and the passing of blood while urinating, and humiliation over his diagnosis. (*Id.*) He alleges that Dr. Bridges and CoreCivic, Inc. (the operator of the prison) have demonstrated medical neglect; that Dr. Bridges has failed to provide him adequate treatment; and that CoreCivic has failed to provide proper care and has denied him "access to proper outpatient procedures to remedy the situation." (*Id.*) He asserts a violation of his Eighth Amendment rights and medical negligence, and seeks an award of compensatory damages and an apology. (*Id.* at 5–6.)

D. **Analysis**

The plaintiff claims that he was denied appropriate medical care in violation of his rights under the Eighth Amendment to the U.S. Constitution. "Eighth Amendment jurisprudence clearly establishes that deliberate indifference to serious medical needs of prisoners constitutes the

---

[1] Computed tomography (CT or CAT) scans use special x-ray equipment to make cross-sectional pictures of the body. Such scans require the patient to lie still on a table that passes through the center of a large x-ray machine. https://medlineplus.gov/ctscans.html (last visited November 27, 2018).

unnecessary and wanton infliction of pain that is violative of the Constitution." *Darrah v. Krisher*, 865 F.3d 361, 367 (6th Cir. 2017) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 105 (1976)) (internal quotation marks omitted). In order to succeed in bringing a deliberate indifference claim in the medical context, the plaintiff must allege the deprivation of a "sufficiently serious" medical need by a defendant who acted with a "sufficiently culpable state of mind." *Darrah*, 865 F.3d at 367–68 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 570 (6th Cir. 2013). The state of mind described by "deliberate indifference" is demonstrated not by mere medical negligence, but only when an official knows of and disregards an excessive risk to the inmate's health or safety. *Farmer*, 511 U.S. at 836–37.

While kidney stones present a serious medical need, *Thomas v. Webb*, 39 F. App'x 255, 256 (6th Cir. 2002), the plaintiff has not plausibly alleged the defendants' deliberate indifference to that need based on the denial of "proper medical care" or of certain "outpatient procedures." (Doc. No. 1 at 5.) He does not allege that his complaints are being ignored or that he is being deprived of any treatment for his condition. Indeed, the plaintiff states that he has had nine CAT scans since January of 2017, presumably upon Dr. Bridges's orders and/or with CoreCivic's approval, revealing multiple stones in both kidneys. (*Id.*) He states that he has "been having issues concerning the treatment of [his] kidney stones," and contends that his medical care has been either improper or insufficient "to remedy the situation." (*Id.*)

However, "negligence or negligent medical treatment are not actionable theories of liability under 42 U.S.C. § 1983." *Boldon v. Claiborne Cnty. Det. Ctr.*, No. 3:16-CV-441-TWP-HBG, 2017 WL 4158612, at *6 (E.D. Tenn. Sept. 19, 2017) (citing *Daniels v. Williams*, 474 U.S. 327, 328–

5

331 (1986) (finding that a "mere lack of due care" is not constitutionally actionable); *Estelle*, 429 U.S. at 106 (explaining that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner")). Thus, there is a distinction between cases where the complaint alleges a complete denial of medical care and cases challenging the adequacy of the care received: "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). In this case, the plaintiff essentially claims that Dr. Bridges and CoreCivic are treating him more conservatively than he would like, or than is proper to remedy his condition. This is a claim of medical negligence, not a claim of deliberate indifference in violation of the Eighth Amendment.

**III.    Conclusion**

In light of the foregoing, the plaintiff's application for leave to proceed IFP (Doc. No. 2) is **GRANTED**, and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim upon which relief can be granted.

It is so **ORDERED**.

ENTER this 28th day of November 2018.

                                                                                            _____
                                                                                            Aleta A. Trauger
                                                                                            United States District Judge